398 P.2d 690

Hardy SEURING, a minor, by and through his guardian ad litem, Gerda Seuring, Plaintiff and Appellant,

v.

Dennis COOK, Defendant and Respondent.

No. 10097.

Supreme Court of Utah.

Feb. 2, 1965.

John Elwood Dennett, Salt Lake City, for appellant.

Alfred C. Van Wagenen, Clearfield, for respondent.

HENRIOD, Chief Justice.

Appeal from a judgment dismissing plaintiff's complaint. Affirmed, with no costs awarded.

Plaintiff, a German girl and resident of Germany, sought compensation for her child, allegedly sired by the defendant while he was stationed in Germany as a member of the military. The complaint, it appears, was not shown to defendant by counsel for plaintiff, who represented her through a consular procedure. No summons was served or acknowledged, and no waiver of process is in evidence. Defendant, in February, 1963, signed an "answer" after receiving a somewhat threatening letter from plaintiff's counsel, and believable evidence indicates this was done under pressure of plaintiff's counsel, defendant having no

**220**

counsel. Also, there is believable evidence that defendant was assured that he would not have any difficulty after he signed.

Unbeknownst to defendant, a complaint was filed in July, nearly six months later, accompanied by the answer, but no judgment was entered. Seven months later, in February, 1964, defendant was cited into court on motion of plaintiff's counsel, to show cause why judgment should not be entered against him for $20 per month from *October, 1962,—9 months prior, even, to the filing of the complaint.*

After reviewing the affidavits of counsel for plaintiff and those of defendant and his wife, the court concluded that the defendant, besides not having read or received a copy of the complaint, and not having waived service of process, and not having answered any complaint then filed or revealed to him, was unduly influenced by counsel, who purported to represent, without full disclosure, not only the plaintiff, but the defendant, in a proceeding that was not adversary in any respect, the court basing its judgment on lack of jurisdiction[1] over defendant.

Under the facts of this case, without further detailing them, we think and hold that the trial court was correct in its judgment.

CALLISTER, J., concurs.

WADE and McDONOUGH, JJ., concur adding this comment: That the dismissal of the action having been based on lack of jurisdiction, is without prejudice and it may be commenced again if the plaintiff so desires.

CROCKETT, Justice (dissenting).

It is indeed difficult for me to appreciate any justification for the outright dismissal of the plaintiff's action. I set aside as not of controlling importance here the question as to whether plaintiff's counsel may have proceeded improperly, and what, if anything, should be done about that. I do so because I think justice renders it necessary, as it often does, to look beyond the conduct of counsel to get at the heart of the matter and deal directly with the rights of the parties.

Regardless of what may have transpired prior to the hearing of February, 1964, it seems to me that what defendant was then entitled to was a fair and reasonable opportunity to file whatever answer he desired and to contest the action against him, nothing more and nothing less. By the same token justice requires that the plaintiff, in behalf of her child, have the same full and fair opportunity to present her case to the court for adjudication. Undoubtedly, neither of them had anything to do with the way their counsel has conducted it. The difficulties they are confronted with in seeking what they claim to be justice, in a foreign land, should not be increased because of something which is no fault of their

---

1. Cf. Rule 41(b), Utah Rules of Civil Procedure.

own. Upon the defendant's appearance seeking affirmative relief in the action, I believe that the motion to dismiss should not have been granted, but that the order to show cause should have been recalled to abide an adjudication of the basic issues of paternity and responsibility for support of the child. I, of course, must defer to the view of the trial court and of my colleagues to the contrary. However, to ameliorate the seeming finality of the judgment, I think it appropriate to observe that the dismissal for lack of jurisdiction is not a final judgment on the merits (Rule 41(b) U.R.C.P.) but the action may be commenced again.